# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SARA LEWIS and JAMES LEWIS, as trustees on behalf of the James and Sara Lewis Trust U/A 05/11/18, derivatively on behalf of Nominal Defendant, NEXTERA ENERGY, INC., <br><br> Plaintiff, <br> v. <br><br> JOHN W. KETCHUM, et al., <br><br> Defendants, <br><br> NEXTERA ENERGY, INC., <br><br> Nominal Defendant. | Case No. 0:23-cv-61974-RNS |
| AMY LAMBORN, derivatively on behalf of Nominal Defendant, NEXTERA ENERGY, INC., <br><br> Plaintiff, <br> v. <br><br> JOHN W. KETCHUM, et al., <br><br> Defendants, <br><br> NEXTERA ENERGY, INC., <br><br> Nominal Defendant. | Case No. 9:23-cv-81471-AMC |

**UNOPPOSED MOTION TO CONSOLIDATE RELATED DERIVATIVE ACTIONS AND APPOINT CO-LEAD COUNSEL**

## I. INTRODUCTION

Plaintiffs Sara Lewis and James Lewis (as trustees on behalf of the James and Sara Lewis Trust U/A 05/11/18) ("Lewis") and Amy Lamborn ("Lamborn") (collectively, "Plaintiffs"), derivatively on behalf of Nominal Defendant, NextEra Energy, Inc. ("NextEra" or the "Company"), respectfully submit this Memorandum of Law in support of their motion to (1) consolidate the above-captioned shareholder derivative actions (the "Related Actions"); and (2) appoint SteinLaw Florida, PLLC ("SteinLaw") and Morris Kandinov LLP ("Morris Kandinov") as Co-Lead Counsel for Plaintiffs.

Consolidation is appropriate because the Related Actions arise out of the same alleged breaches of fiduciary duty by the same Defendants based on the same underlying misconduct and involve common issues of law. Consolidation will streamline the proceedings and save judicial resources. Plaintiffs, who have agreed to work together for benefit of all NextEra shareholders, also submit that to ensure the efficient litigation of the Related Actions their counsel, SteinLaw and Morris Kandinov, should be appointed Co-Lead Counsel. A copy of the firm resumes of SteinLaw and Morris Kandinov are submitted herewith as Exhibits 1 and 2, respectively, setting forth their experience and qualifications.

## II. STATEMENT OF FACTS

The Related Actions allege that the officers and directors NextEra *inter alia* violated Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and breached their fiduciary duties by intentionally and/or recklessly making or allowing the dissemination of materially false and misleading statements concerning the Company and its subsidiary Florida Power and Light Co.'s ("FPL") political activities and compliance with campaign finance laws. ¶¶

1-3.[1]    The Related Actions allege that in the face of widespread public reports of political misconduct and violations of campaign finance laws from 2021 into 2023, Defendants falsely claimed the Company was not exposed to any meaningful legal or occupational risk when they knew it was. ¶ 5.  The Related Actions also allege Defendants failed to maintain adequate internal controls with respect to NextEra and FPL's compliance with campaign finance laws and the accuracy of NextEra's financial reporting. ¶¶ 8, 170.

On January 25, 2023, FPL reported that its President and CEO, Eric Silagy, who also served as CEO of NextEra, would resign the following month.  On the same day, NextEra filed a Form 8-K with the SEC specifically acknowledging that FPL faced legal and reputational risks because of the allegations that FPL executives had orchestrated political misconduct, stating *inter alia* that "FPL's and [NextEra's] business and reputation could be adversely affected by allegations that FPL or [NextEra] has violated laws…[f]or example, media articles have been published that allege, among other things, Florida state and federal campaign finance law violations by FPL." ¶ 6. On this news, NextEra's stock dropped $7.31 per share, or about 8.7%, representing a loss of approximately $15 billion in market capitalization on unusually high trading volume.  Analysts expressly linked NextEra's stock price drop to the risks posed by FPL's political misconduct. ¶ 7.

As a result of the foregoing, a securities class action was filed against the Company and Defendants James Robo, Eric Silagy, and David P. Reuter captioned *Jastram v. NextEra Energy, Inc., et al.*, 9:23-cv-80833-AMC (S.D. Fla.) (the "Securities Class Action"), which has exposed the Company to massive liability. ¶¶ 8-9.

---

[1] References to "¶ _" refer to the allegations in the Lewis' complaint. *Lewis, et al. v. Kethcum, et al.*, Case No. 23-cv-61974-RNS (S.D. Fla.) (ECF No. 1) (the "Lewis Action")

### III. PROCEDURAL HISTORY

On October 17, 2023, Lewis filed their complaint alleging that certain of NextEra's officers and directors (the "Individual Defendants") breached their fiduciary duties owed to the Company, were unjustly enriched, and violated Section 14(a) of the Exchange Act in connection with the materially misleading statements described above. Lewis Action, ECF No. 1.

On November 7, 2023, Lamborn filed her complaint alleging that the Individual Defendants breached their fiduciary duties, were unjustly enriched, and violated Section 14(a) of the Exchange Act in connection with the same underlying misconduct at issue in the Lewis Action. *See Lamborn v. Ketchum, et al.*, Case No. 9:23-cv-81471-RNS (S.D. Fla.), Dkt. No. 1 (the "Lamborn Action"). The civil cover sheet filed in the Lamborn Action identified the Lewis Action and the Securities Class Action as related. *Id.*

The parties have met and conferred, and Defendants do not oppose consolidation of the Related Actions. Accordingly, and for the additional reasons set forth below, Plaintiffs hereby moves to consolidate the Related Actions and for the appointment of Co-Lead Counsel.

### IV. ARGUMENT

#### A. The Court Should Consolidate The Related Actions

The Court may consolidate actions if they involve common questions of law or fact. Fed. R. Civ. P. 42(a). The power to consolidate related actions falls within the Court's broad authority "to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When two causes of action involve common witnesses, identical evidence, and similar issues, judicial economy will generally favor consolidation. *See e.g., Millman v. Brinkley*, 2004 U.S. Dist. LEXIS 20113, *5-6 (N.D. Ga. Oct. 1, 2004); *Pipefitters Local No. 636 Defined Ben. Plan v. Bank of*

*America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) ("Differences in claims [or] defendants . . . do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

"Consolidation of similar shareholder derivative actions can be particularly beneficial to courts and parties by expediting pretrial proceedings, avoiding needless duplication, and minimizing expenditure of time, effort, and money." *Nally v. Reichental*, 2017 WL 1135122, at *2 (D.S.C. Mar. 27, 2017) (*citing MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958)). Courts routinely consolidate shareholder derivative actions. *E.g., Heed v. Miller*, 2018 WL 1532955, at *2 (E.D. Pa. Mar. 28, 2018) (consolidating four shareholder derivative actions); Millman v. Brinckley, 2004 U.S. LEXIS 20113 at *2 (consolidating three shareholder derivative actions).

Here, the Related Actions each allege breaches of fiduciary duty arising out of the same conduct: the misleading statements regarding NextEra's legal risk and compliance, and the adequacy of its internal controls. ¶ 8. Plaintiffs further allege claims of unjust enrichment, waste, and violations of Section 14 of the Exchange Act—all of which arise from the same misconduct as the breaches of fiduciary duty. Thus, the Related Actions each raise substantially similar legal questions, including whether defendants breached their fiduciary duties to NextEra, and would involve essentially the same motion practice, discovery, witnesses, documentary evidence, and trial considerations. *See KBC Asset Mgmt. NV v. McNamara*, 78 F. Supp. 3d 599, 602-03 (D. Del. 2015) (consolidating two derivative actions alleging "common (though not identical) facts" against "nearly identical" defendants). Accordingly, consolidation of the Lamborn Action with the first-filed Lewis Action is appropriate.

### B. The Court Should Appoint SteinLaw and Morris Kandinov as Co-Lead Counsel For Plaintiffs

When, as here, there is a "multiplicity" of such shareholder derivative suits, courts are "allowed to combine procedures, appoint lead counsel, recognize steering committees of lawyers, limit and manage discovery, etc. to minimize expense to all litigants and to provide judicial efficiency." *In re Showa Denko, K.K. L-Tryptophan Prods. Liab. Litig.-II*, 953 F.2d 162, 165 (4th Cir. 1992). The appointment of lead counsel has proved to be of great benefit to judicial economy and efficiency in complex, consolidated cases. *In re Centurylink Sales Practices & Sec. Litig.*, MDL 17- 2795, 2019 U.S. Dist. LEXIS 68679, at *7 (D. Minn. Apr. 23, 2019) (*quoting In re Baycol Prods. Litig.*, No. 02-0200, 2007 U.S. Dist. LEXIS 51418, at *2 (D. Minn. July 13, 2007)).

The guiding principle is who will best serve the interests of plaintiffs. *Millman ex rel. Friedman's, Inc. v. Brinkley*, No. 1:03-cv-58, 2004 U.S. Dist. LEXIS 20113, at *9 (N.D. Ga. Oct. 1, 2004); Fed. R. Civ. P. 23.1(a). Other factors include the quality of the pleadings, the economic interest of the plaintiffs, and the vigor with which the plaintiffs have prosecuted their lawsuits." *In re Centurylink Sales Practices & Sec. Litig.*, 2019 U.S. Dist. LEXIS 68679, at *8 (*quoting Freeman v. Musk*, 324 F.R.D. 73, 88 (D. Del. 2018) (citation omitted)). The complaints in both Related Actions are detailed and would survive a motion to dismiss, plaintiffs have vested economic interests in this litigation by virtue of the ownership of NextEra stock, and counsel for Plaintiffs have demonstrated vigorousness even at this early stage.

Indeed, counsel for Plaintiffs, SteinLaw and Morris Kandinov, agreed to work together cooperatively for the benefit of Plaintiffs and all other NextEra shareholders, which courts have recognized is an "indication of their interest in vigorously pursuing the interest of those represented." *In re Foundry Networks Derivative Litig.*, 2007 U.S. Dist. LEXIS 13148, at *5 (N.D. Cal. Feb. 12, 2007); *see also Kubiak v. Barbas*, Case No. 11-cv-141, 2011 U.S. Dist. LEXIS 65903,

at *9 (S.D. Ohio June 14, 2011) (noting an "essential attribute for Lead Counsel" is "to be inclusive" with competing plaintiffs and appointing as Lead the firms that "made the most concerted effort to be inclusive"); *Nicolow v. Hewlett Packard Co.*, 2013 U.S. Dist. LEXIS 29876, at *30 (N.D. Cal.) (appointing co-lead counsel that suggested "on multiple occasions to joint prosecution and a co-plaintiff leadership structure.").

SteinLaw and Morris Kandinov have earned reputations for excellence and success in shareholder derivative actions and complex litigation. *See* SteinLaw Firm Resume, Ex. 1; Morris Kandinov Firm Resume, Ex. 2. The attorneys have a strong background in shareholder rights as well as a demonstrated ability to successfully litigate substantive pretrial motions. The firms have the requisite knowledge of the applicable substantive law and are well suited to navigate the procedural challenges that arise in complex litigation.

For example, SteinLaw served as co-lead counsel in a case against a large, Florida-based, public restaurant group and its board of directors for breach of fiduciary duties in connection with a going private transaction where, as part of the settlement, the defendants provided the public shareholders with additional material information about the transaction, helping the shareholders hold out for an additional $68 million in consideration for their shares, *Charter Township of Clinton Police and Fire Ret. Sys. v. OSI Rest. Partners, Inc.*, et al., 06-CA-010348 (Fla. 13 Cir. Ct.); SteinLaw also served as co-lead counsel in the $25 million settlement of a shareholder case, after nearly two years of intense litigation in the Delaware Chancery Court, and just two months prior to trial, *In re UnitedGlobalCom Shareholders Litigation*, No. 1012-N (Del. Ch.); and Mr. Stein was also counsel for plaintiffs in *In re Clear Channel Outdoor Holdings, Inc. Derivative Litigation*, where the defendants provided substantial benefits to the shareholders, which included a $200 million dividend and other valuable corporate governance reforms, No. 7315-CS (Del. Ch.).

Morris Kandinov served as co-counsel in a $7.5 million derivative settlement in behalf of Granite Construction Incorporation for litigation arising from $338 million in cost overruns concealed from investors, *Davydov v. Roberts*, 2021-0415-SG (Del. Ch.); Morris Kandinov served as co-lead counsel in a $12.5 million class settlement to resolve dispute related to FAST Acquisition Corp.'s failed attempt to buy Landry's restaurants and the Golden Nugget casinos (*pending court approval*), *Special Opportunities Fund, Inc. v. FAST Acquisition Corp., et al.*, No. 2022-0702 (Del. Ch.); Morris Kandinov served as co-counsel in a $110 million class settlement reached in suit over $8.7 billion GCI Liberty, Inc. merger, *Hollywood Firefighters' Pension Fund v. GCI Liberty Inc.*, 2020-0880-SG (Del. Ch.); Morris Kandinov is serving as class counsel on behalf of a certified class of investors of Pioneer Merger Corp. in breakup fee dispute, *Funicular Funds, LP v. Pioneer Merger Corp. et al*, No. 1:2022cv10986 (S.D.N.Y. 2023).)

SteinLaw and Morris Kandinov are committed to vigorously prosecuting the Related Actions to obtain the best result for NextEra and its shareholders, and they have demonstrated their commitment by their actions thus far. Plaintiffs have engaged in a sound litigation strategy that resulted in the filing of well-informed complaints and demonstrating their willingness to work cooperatively and evenly with each other.  Accordingly, SteinLaw and Morris Kandinov should be appointed Co-Lead Counsel.

### C. The Parties Will Meet and Confer and Submit To The Court Within 30 Days A Status Update Or A Schedule For Further Proceedings

Once the Related Actions are consolidated, counsel for all parties have agreed to file a joint motion to stay these proceedings until the earlier of (i) an announcement that the parties in the Securities Class Action have reached a settlement; (ii) final dismissal of all claims in the Securities Class Action with prejudice; or (iii) for good cause shown upon an application to lift the stay by either or both parties.

## V.     CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order consolidating the Related Actions and appointing SteinLaw and Morris Kandinov as Co-Lead Counsel.

Dated:  January 9, 2024                                     Respectfully submitted,

**STEINLAW FLORIDA, PLLC**

By: */s/ Jonathan M. Stein*
Jonathan M. Stein (Fla. Bar No. 9784)
1825 NW Corporate Blvd., Suite 110
Boca Raton, FL 33431
 (561) 834-2699
Jon@SteinLawFlorida.com

*Attorney for Plaintiffs*


**MORRIS KANDINOV LLP**
Leonid Kandinov (*pro hac*)
Aaron T. Morris (*pro hac*)
550 West B Street, 4th Floor
San Diego, CA 92101
(619) 780-3993
aaron@moka.law
leo@moka.law

*Attorneys for Plaintiffs*

## LOCAL RULE 7.1.A.3 CERTIFICATION

Counsel for Plaintiffs have conferred with counsel for Defendants and Counsel for Defendants joins in the request that the Court consolidate the Related Actions and takes no position on the request that the Court appoint Plaintiff's counsel as Co-Lead Counsel.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of January 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**STEINLAW FLORIDA, PLLC**

By: */s/ Jonathan M. Stein*
Jonathan M. Stein (Fla. Bar No. 9784)
1825 NW Corporate Blvd., Suite 110
Boca Raton, FL 33431
 (561) 834-2699
Jon@SteinLawFlorida.com

*Attorney for Plaintiffs*